**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HUNG HANH THI NGUYEN,  :
        Plaintiff,   :
   v.   :   Civil Action No. 09-0189 (JR)
DISTRICT OF COLUMBIA, *et al*.,  :
        Defendants.   :

### MEMORANDUM

Hung Hanh Thi Nguyen seeks review of an independent hearing officer's decision that her son, H.N., is not disabled within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. The parties have filed cross-motions for summary judgment. For the reasons that follow, the defendants' motion will be granted.

### Background

H.N., who is seventeen years old, experienced significant turbulence in the period leading up to the independent officer's hearing. On February 28, 2008, he entered a plea to a charge of simple assault for striking his brother. A.R. 99. He admitted to smoking up to five marijuana joints daily, and he was suspended for a period of time for drug possession on school grounds. Id. at 146. He also had been suspended from school on four other occasions for various reasons. Id. Even when not suspended, he often failed to attend

class.  Id.  He had been held back a grade in school due to his poor performance.  Id.

At the due process hearing, conducted on October 21 and 29, 2008, Nguyen suggested that H.N. suffered from an emotional disturbance and a specific learning disability, either of which would qualify him as disabled within the meaning of IDEA and therefore eligible for its benefits.  See 20 U.S.C. § 1401(3). The officer held that Nguyen failed to meet her burden.  A.R. 3-10.  She now seeks judicial review of that decision.  See 20 U.S.C. § 1415(i)(2) (authorizing such review).

## Standard of Review

In reviewing an IDEA due process hearing, a district court must determine whether a plaintiff is entitled to judgment based on a preponderance of the evidence.  See 20 U.S.C. § 1415(i)(2)(C)(iii).  When neither party requests that the court hear additional evidence before ruling on a motion for summary judgment, the motion is to be construed as a "procedural vehicle for asking [a] judge to decide the case on the basis of the administrative record." Herbin v. District of Columbia, 362 F. Supp. 2d 254, 258 (D.D.C. 2005) (internal quotations and citation omitted).  The party challenging the hearing officer's determination bears the burden of convincing the court that it was incorrect.  See Angevine v. Smith, 959 F.2d 292, 295 (D.C. Cir. 1992).  Judicial review under IDEA is more rigorous than

conventional agency review.  See Reid v. District of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005).  However, the preponderance of the evidence standard "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Bd. of Ed. v. Rowley, 458 U.S. 176, 206 (1982).  Thus, I must conduct an independent review of the evidence, but in so doing I must give "due weight" to the administrative proceedings.  Id.

## Analysis

**A. Emotional Disturbance**

To establish that a student suffers from an emotional disturbance within the meaning of IDEA, the student first must be shown to have exhibited one of five symptoms:

> (A) An inability to learn that cannot be explained by intellectual, sensory, or health factors;
> (B) An inability to build or maintain satisfactory interpersonal relationships with peers and teachers;
> (C) Inappropriate types of behavior or feelings under normal circumstances;
> (D) A general pervasive mood of unhappiness or depression;
> (E) A tendency to develop physical symptoms or fears associated with personal or school problems.

34 C.F.R. § 300.8(c)(4)(i).  Additionally, the student must be shown to have exhibited the symptom "over a long period of time" and "to a marked degree" such that the child's educational performance is adversely affected.  Id.  The emotional

disturbance classification "does not apply to children who are socially maladjusted, unless it is determined that they have an emotional disturbance" as defined above.  Id. § 300.8(c)(4)(ii).

The hearing officer was presented with evidence that H.N. suffered from depression and a mood disorder.  See A.R. 5-8.  However, the officer held that he did not suffer an emotional disturbance within the meaning of IDEA because "[t]he record is, at best, inconclusive that [H.N.'s] emotional problems adversely affect his educational performance."  Id. at 9.  Instead, the officer found that "[t]he factor most affecting [his] educational performance is his non-attendance."  Id.  The officer further stated that "[n]o credible evidence was advanced that [his] truancy is caused by an emotional disability."  Id.; see also id. (noting that H.N. demonstrated a "pattern of avoiding responsibilities" in non-school contexts).

Nguyen disputes the hearing officer's conclusion.  She argues the officer failed to mention, and thus ignored, testimony from several witnesses favorable to her.  See Mot. 13-17.  She argues that the testimony of these witnesses shows that H.N.'s behavioral problems, including his truancy, stem from his depression.

Untangling cause and effect in the context of drug use, misbehavior, and depression can be difficult.  However, I cannot find that plaintiff has sustained her burden to show that the

officer's conclusion is incorrect.  Much of the testimony plaintiff cites in her effort to establish a causal link between H.N.'s behavioral problems and emotional disturbance is speculative.  See, e.g., Tuoy testimony, A.R. Tr. 10/21/08 at 28 ("His behavior was out of control, so his depression could be affecting his ability to go to school."); Harmon testimony, Id. at 187 ("[He] has a difficult time waking up in the mornings, sleeps excessively which is the classic syndrome of depression. And I could — that seems to be contributing to his truancy."); Haddad testimony, A.R. Tr. 10/29/08 at 71 ("Yes, he's depressed. Yes, that might be a reason why he doesn't want to be in our school, but it is not atypical of many students in our school . . . .").  In contrast, the link between failure to attend school and failure to succeed academically is far more clear; H.N. himself admits his poor attendance and drug use negatively impacted his academic performance.  See A.R. 146l; cf. N.C. v. Bedford Cent. Sch. Dist., 300 F. App'x 11, 12-13 (2d Cir. 2008) (finding that parents failed to meet their burden to show student's declining academic performance stemmed from emotional disturbance instead of drug use).

**B.  Specific Learning Disability**

A student has a specific learning disability under IDEA if he or she has "a disorder in 1 or more of the basic psychological processes involved in understanding or in using

- 5 -

language, spoken or written, which disorder may manifest itself in the imperfect ability to listen, think, speak, read, write, spell, or do mathematical calculations." 20 U.S.C. § 1401(30). Under regulations pursuant to IDEA, a specific learning disability may be found if a child "does not achieve adequately for the child's age" in basic language or mathematics skills or if the child fails "to meet age or State-approved grade-level standards" in such skills. 34 C.F.R. § 300.309(a). In forming a determination, a school district should "[d]raw upon information from a variety of sources, including aptitude and achievement tests, parent input, and teacher recommendations, as well as information about the child's physical condition, social or cultural background, and adaptive behavior." Id. § 300.306(c)(i).

Dr. Donnelly, who evaluated H.N., diagnosed him with a general learning disorder. See A.R. 9; see also Booker testimony, A.R. Tr. 10/21/08 at 49-50 (also suggesting H.N. has a learning disability). However, the hearing officer found that H.N.'s test scores showed that any disorder he suffered was not sufficiently pronounced for him to meet the statutory criteria. See A.R. 9. In testing performed by Dr. Donnelly, H.N.'s achievement scores exceeded his aptitude scores in all but two areas, and in those two remaining areas the difference was small. See id. Small differences between achievement scores and

intelligence scores are insufficient to support classification as having specific learning disability. See Kruvant v. District of Columbia, 99 F. App'x 232, 233 (D.C. Cir. 2004).  Moreover, one of H.N.'s teachers described him as "very bright."  A.R. 161 (noting few other teachers had significant contact with H.N.). Dr. Booker suggested that H.N.'s "scattered skills" are at least partially caused by his poor attendance.  See Booker testimony, A.R. 10/21/08 Tr. at 117-18.  While there is some evidence that H.N. suffers from a learning disability, I cannot say that Nguyen has met her burden.  The evidence is weak that H.N. has "a severe discrepancy between achievement and intellectual ability," and failures in achievement are likely at least partially driven by poor attendance.

**C. Procedural Errors**

Nguyen alleges that the hearing officer committed a number of procedural errors.  First, she alleges that the hearing officer failed to perform a "fact-specific inquiry."  This contention is plainly meritless, as the record shows the hearing officer reviewed and considered an extensive record.  See A.R. 3-10.  Second, Nguyen alleges that the hearing officer erred by failing to grant a continuance to allow Dr. Donnelly to present live testimony and by refusing to qualify a social worker offered by plaintiff.  Plaintiff has failed to show any prejudice that resulted from these procedural decisions, however.  See Lesesne

v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006) (IDEA claim based on procedural error "is viable only if those procedural violations affected the student's substantive rights").

## Conclusion

For the reasons set forth above, Nguyen's motion for summary judgment will be denied and the District of Columbia's motion for summary judgment will be granted. An appropriate order accompanies this memorandum.

JAMES ROBERTSON
United States District Judge